IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CISCO SYSTEMS, INC. ET AL | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:06-CV-160 |
| v. | § | |
| | § | |
| TELCORDIA TECHNOLOGIES, INC. | § | JUDGE RON CLARK |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER ON MOTION TO VACATE

The parties jointly seek vacatur of the court's August 10, 2007 Claim Construction [Doc. #72] and August 22, 2007 Order on Agreed Claim Terms [Doc. #80] as part of a settlement dismissing with prejudice all claims and counterclaims in this action. The court will grant the motion. No trial has occurred and no judgment has been entered. The public and private interest in avoiding further expense of resources in this case outweighs any interest in an interlocutory claim construction order.

### Background

Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco") filed suit against Telcordia Technologies, Inc. ("Telcordia") on July 31, 2006. The court construed disputed claim terms after a *Markman* hearing and the parties agreed on additional terms. The case has been stayed since November 9, 2007 when the parties indicated that they had reached an agreement in principle [Docs. #89, 90]. The parties have settled the case and move the court to vacate the claim construction order and the order on agreed terms.

**Discussion**

*1. Legal*

Neither the Supreme Court nor the appellate courts will force a district court to vacate its orders once they became moot through settlement, absent "exceptional circumstances." *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 27-29, 115 S.Ct. 386, 392-93 (1994). The Supreme Court characterized vacatur as an "extraordinary remedy," and stated that a provision in the parties' settlement to vacate the orders is not enough to constitute an "exceptional circumstance." *Id.* at 29. However, a district court may vacate its own claim construction order upon settlement. *Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1328-29 (Fed. Cir. 2003) (Dyk, J., concurring) (discussing the mechanism through which parties can prevent interim decision in the litigation from having a collateral estoppel effect in future litigations and suggesting the parties move the district court to vacate its earlier decisions as part of a settlement).

Courts have applied the principles in *Bancorp* to analyze whether they should grant a vacatur. *Clever Devices, Ltd. v. Digital Recorders, Inc.*, 2004 WL 1265934 (N.D. Tex. 2004); *Nilssen v. Motorola, Inc.*, 2002 WL 31369410 (N.D. Ill. 2002); *Allen-Bradley Co., LLC v. Kollmorgen Corp.*, 199 F.R.D. 316 (E.D. Wisc. 2001). Factors considered include:

1. The public interest in the orderly operation of the federal judicial system;

2. The parties' desire to avoid any potential preclusive effect;

3. The court's resources that will be expended if the case continues; and

4. The parties' interest in conserving their resources.

*2. Analysis*

<u>1. The public interest in the orderly operation of the federal judicial system and the parties' desire to avoid any potential preclusive effect</u>

Government resources, as well as time and money of the parties, are expended in litigation. There is a general public interest in final decisions that may guide future action. Having submitted a dispute to federal jurisdiction, parties are not free to arbitrarily nullify court judgments.

In this case only a claim construction order has been entered. Claim construction orders are not final and may be altered by the court prior to, or during, trial. During the litigation process, claim construction may need to be edited or supplemented, even for seemingly simple terms. *See O2 Micro Intern. Ltd. v. Beyond Innovation Technology Co., Ltd.*, 521 F.3d 1351 (Fed. Cir. 2008) (remanding to the district court to construe the term "only if"). The fact that a district court's *Markman* order is reviewed *de novo* by the Federal Circuit, resulting in a reversal rate of forty percent according to some studies, cautions parties and the public against excessive reliance on any district court's construction.

Further, it is not clear what preclusive effect the court's *Markman* order has on other courts. Some courts have applied collateral estoppel to prevent a plaintiff from altering a prior claim construction from another district court. *TM Patents, L.P. v. International Business Machines Corp.*, 72 F. Supp. 2d 370, 375–79 (S.D.N.Y. 1999) (applying collateral estoppel against the plaintiff when claim construction was issued at a *Markman* hearing in a prior suit that ended in a settlement); *Edberg v. CPI-The Alternative Supplier, Inc.*, 156 F. Supp. 2d 190, 195-96 (D. Conn. 2001) (following *TM Patents* and applying collateral estoppel to prevent the patentee from asserting a claim construction that differed from a construction order in a prior case that was settled before appeal),

3

*aff'd on other grounds*, 41 Fed. App'x. 426 (Fed. Cir. 2002).

Other courts have reasoned that settlements and non-appealed claim construction rulings are not final judgments for collateral estoppel purposes. *Kollmorgen Corp. v. Yaskawa Elec. Corp.*, 147 F. Supp. 2d 464, 467–69 (W.D. Va. 2001) (reasoning that collateral estoppel did not apply to patentee's patent infringement claims against an alleged infringer because a settlement between the parties does not constitute a final judgment); *Graco Children's Products Inc. v. Regalo International LLC*, 77 F. Supp. 2d 660, 663-65 (E.D. Pa. 1999) (rejecting the analysis in *TM Patents* and holding that plaintiff was not collaterally estopped from re-litigating the same issue of claim construction, even though a settlement was reached after an appeal was filed); *Lectrolarm Custom Services, Inc. v. Vicon Industries, Inc.*, 2005 WL 2177000 (W.D. Tenn. 2005) (refusing to give preclusive effect, as requested by plaintiff, to prior claim construction rendered by another district court, because the claim construction order was never appealed to the Federal Circuit, due to the parties settlement, and the order cannot be viewed as final for the purposes of collateral estoppel).

There is logic in preventing a party from taking inconsistent positions in successive cases on issues that affect important public interests such as invalidity and infringement of patents. A final judgment of invalidity or infringement informs the public and those in the field of the bounds of the invention and what may be legal avenues to improve the state of the art. In this case there has been no final determination on the merits so there would be less reason to give it precedential value.

Even if the court vacates this claim construction order, whatever instructive or persuasive guidance it may provide continues to exist. The order was published as a slip opinion. *Cisco Systems, Inc. v. Telcordia Technologies, Inc.*, 2007 WL 2316272 (E.D. Tex. 2007). It is now on the Internet, available to anyone with a computer. The analysis and logic of the opinion may be used

4

for whatever authority this court or another court may deem appropriate. This is the same non-binding persuasive value any non-vacated opinion has in a case where no final judgment is ever entered.

The strong public interest in the settlement of this litigation and the conservation of judicial resources outweigh the benefit of the limited collateral estoppel effect of the orders entered to date in this case. *See Dana*, 342 F.3d at 1729. Whether the *Markman* order is vacated or not will have little impact on patent jurisprudence in general, or the patents in this litigation in particular. The factors of public interest and the parties' desire to avoid any preclusive effect favor granting the vacatur.

### 2. The court's resources that will be expended if the case proceeds

While the court expends significant resources in construing the claims during a *Markman* hearing, the court expends even more resources prior to and during trial. The court rules on motions in limine, motions for summary judgment, apprises itself of the technology at issue, and confers with the parties multiple times. Court personnel devote significant time which could be expended to try other cases. Citizens of this community have always been willing to serve as jurors, but is it a fair and proper use of their time to ask them to adjudicate a case that could be settled?

One district court has suggested that applying the *Bancorp* standard would encourage parties to settle prior to the *Markman* hearing. *Clever Devices, Ltd. v. Digital Recorders, Inc.*, 2004 WL 1265934, *3 (N.D. Tex. 2004). This may be true in some cases, but this court will expend significant resources if the parties try this case. The technology involves complex computer architecture, and three patents are at issue with a number of claims asserted in each patent. Thus, this factor weighs in favor of granting the motion to vacate.

### 3. The parties' interest in conserving their resources

Like the court, the parties would necessarily expend time and money if settlement stalls and the parties try the case. The technology is highly sophisticated. Each party would likely have a number of expert witnesses to depose, plaintiff would assert infringement based on multiple claims, and defendant would respond with corresponding non-infringement and invalidity defenses. Allegations of infringement and invalidity require significant commitment of the attorneys' time, in addition to the monetary cost to each party. The parties have expressed their intent to conserve their resources by engaging in and reaching a settlement. This factor favors granting a vacatur.

The court concludes that this is a case where "exceptional circumstance" justify vacating its claim construction and the order on agreed terms.

IT IS THEREFORE ORDERED that the parties' unopposed motion for vacatur is **GRANTED**. The Court vacates the Order on Claim Construction [Doc. #72] and the Order on Agreed Terms [Doc. #80]. All costs and expenses relating to this litigation shall be borne solely by the party incurring the same.

So **ORDERED** and **SIGNED** this **7** day of **November, 2008.**

_____
Ron Clark, United States District Judge